| | | | |
|---|---|---|---|
| Case No. | **CV 18-7287-DOC-KK** | Date: | September 21, 2018 |
| Title: | *William Edward Clifton v. Sheriff Bill Brown* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed Due to Failure to Exhaust

## I.
## INTRODUCTION

William Edward Clifton ("Petitioner") filed a pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. ECF Docket No. ("Dkt.") 1. Petitioner challenges his current confinement in Santa Barbara County Jail. Id. at 6. Having reviewed the Petition, this Court finds the Petition subject to dismissal because Petitioner has not exhausted his state remedies with respect to the grounds raised in the Petition. The Court, however, will not make a final determination regarding whether the Petition should be dismissed without giving Petitioner an opportunity to address these issues.

## II.
## PROCEDURAL HISTORY

### A.   STATE PROCEEDINGS

Petitioner is currently detained at the Santa Barbara County Jail pending criminal proceedings for unidentified charges. See dkt. 1.

Between May and August 2018, Petitioner filed at least three state habeas petitions in Santa Barbara County Superior Court, each of which were disposed of by judges before a hearing. Court Records Search, Santa Barbara Superior Court (Sept. 20, 2018, 1:35 PM) https://portal.sbcourts.

org/CASBPORTAL/ (Case Nos. 18CR04238, 18CR07315, 18CR08287). At least one of those state habeas petitions, case no. 18CR04238, pertained to Petitioner's claim he is unlawfully being held without bail for his pending criminal matter in Santa Barbara County. Dkt. 1 at 3. Petitioner has not asserted, nor do available records suggest Petitioner filed a state habeas petition in the California Supreme Court. See California Courts, Appellate Courts Case Information, Docket (Sept. 21, 2018, 9:36 AM) http://appellatecases.courtinfo.ca.gov/search.cfm?dist=2. [1]

**B.    FEDERAL PROCEEDING**

On August 10, 2018, Petitioner constructively filed[2] the instant Petition challenging his current confinement without the possibility of bail for his pending criminal proceeding in Santa Barbara County Superior Court. Dkt. 1. The Petition sets forth three claims: (1) Eighth Amendment violation for denial of bail in his pending state criminal proceeding; (2) Ineffective assistance of trial counsel for his appointed counsel Neil Levinson, who allegedly wanted Petitioner to be held with no bail; and (3) Ineffective assistance of trial counsel for his current counsel Joe Lax, who allegedly failed to defend Petitioner at a bail hearing. Id. at 6.

Petitioner seeks an "immediate injunction" to "advise the Court to lift [his] no bail hold so [Petitioner] could proceed to defend [him]self accurately free from illegal restraint." Dkt. 1 at 7.

### III.
### THE PETITION IS A WHOLLY UNEXHAUSTED PETITION
### SUBJECT TO DISMISSAL

**A.    APPLICABLE LAW**

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his claims in a petition to the California Supreme Court. See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the

---

[1] The Court takes judicial notice of Petitioner's prior proceedings in the state courts. See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Petitioner signed the Petition on August 10, 2018. Dkt. 1, Pet. at 13. Thus, the Court deems August 10, 2018 the Petition's filing date.

factual basis for [the] claim" and "identified the federal legal basis for [the] claim."  Gatlin, 189 F.3d at 888.

B.  ANALYSIS

Here, while Petitioner filed a number of petitions for writ of habeas corpus in the Santa Barbara County Superior Court, he does not appear to have filed a habeas petition in the California Supreme Court.  See dkt. 1.  Hence, it appears the California Supreme Court has not ruled on Petitioner's claims, and thus his claims have not been exhausted.  Accordingly, the Petition appears to be wholly unexhausted and subject to dismissal without prejudice.  See O'Sullivan, 526 U.S. at 845.

## IV.
## ORDER

Petitioner is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed for failure to exhaust state remedies by filing a written response **within 21 days of the date of this Order.**  Petitioner must respond to this Order pursuant to one of the options listed below.

**Option 1 - Petitioner May Explain The Petition Is Exhausted:**  If Petitioner contends he has, in fact, exhausted his state court remedies on the grounds raised in his Petition, he should clearly explain this in a written response to this Order to Show Cause.  Petitioner should attach to his response copies of any documents establishing that his claims are indeed exhausted.

**Option 2 - Petitioner May Request A Rhines Stay:**  Under Rhines v. Weber, 544 U.S. 269, 161 L. Ed. 2d 440, 161 L. Ed. 2d 440 (2005), a district court has discretion to stay a petition to allow a petitioner time to present his unexhausted claims to state courts.  Id. at 276; Mena v. Long, No. 14-55102, (9th Cir. Feb. 17, 2016) (holding the Rhines stay-and-abeyance procedure applies to both mixed and fully unexhausted habeas petitions).  This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics.  Rhines, 544 U.S. at 277-78.

Petitioner may file a motion for a Rhines stay and support his request by showing: (1) there is "good cause" for the failure to exhaust; (2) the grounds raised are not "plainly meritless"; and (3) Petitioner did not intentionally engage in dilatory litigation tactics.  See id.  Petitioner should include any evidence supporting his request for a Rhines stay.

**Option 3 - Petitioner May Voluntarily Dismiss Action Without Prejudice:**  Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Petitioner's convenience.  The Court advises Petitioner, however, that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1).  28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**Caution:** Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court will dismiss the Petition for failure to exhaust state remedies. **Accordingly, Petitioner may select options in the alternative.**

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action with prejudice for his failure to comply with court orders and failure to prosecute.** See Fed. R. Civ. P. 41(b).

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**